## A10A2237. POWELL v. THE STATE.
(707 SE2d 877)

BARNES, Presiding Judge.

Following the denial of his motion for new trial, Anthony Powell appeals his conviction for aggravated assault. He contends that the trial court erred in admitting bad character evidence, and also in allowing the State to make a "religious-based" argument in its closing. Following our review, we affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that Powell was present during an altercation between the victim and Powell's brother-in-law at the victim's house. Powell had gone to the victim's house to confront the victim's wife

---

for allegedly taking money from Powell's sister. His brother-in-law and the victim got into a fistfight, and after the altercation ended, Powell shot the victim in the shoulder.

1. Powell first alleges that the trial court erred in admitting testimony from the victim's wife that Powell said he was "geeked-up" at the time of the altercation. He argues that such evidence improperly placed his character in issue, thereby prejudicing him. Powell, however, failed to object to the evidence at trial on this ground, merely objecting when the State asked the witness what the phrase meant; therefore, he has waived appellate review of the issue. *Castillo v. State*, 281 Ga. 579, 584 (6) (642 SE2d 8) (2007).

2. Powell next asserts as error the State's religious-based argument in its closing. During its closing argument, the State implored:

> [L]et me call your attention to Matthew, Mark, Luke and John, four books of the Bible, first four books in the New Testament. They all have a little minor inconsistency between each of them, here and there, and that's because of perspective. But what do we call those four books of the Bible, ladies and gentlemen? We call them the gospel truth, ladies and gentlemen, the gospel truth.

"References to religion that invite jurors to base their verdict on matters not in evidence should be avoided in prosecutorial argument." (Citation omitted.) *Morgan v. State*, 276 Ga. 72, 74 (2) (575 SE2d 468) (2003). But, the biblical reference at issue here did not invite jurors to base their verdict on extraneous matters, or exhort jurors to reach a verdict on religious grounds, instead the prosecutor used the references to encourage jurors to overlook inconsistencies in the evidence. Accordingly, we find no basis for reversal in this case. See *Walker v. State*, 282 Ga. 774, 778 (9) (653 SE2d 439) (2007).

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 16, 2011.

*James C. Garner*, for appellant.

*Craig Fraser, District Attorney, Chad A. Pritchett, Assistant District Attorney*, for appellee.